UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HATSUYO HARBORD on behalf of DAVID HARBORD,<br><br>                Plaintiff,<br>   v.<br><br>STATE OF WASHINGTON et al.,<br><br>                Defendants. | CASE NO. 3:24-cv-06061-DGE<br><br>ORDER DENYING MOTION TO CHANGE VENUE (DKT. NO. 13) |

Presently before the Court is Plaintiff's motion to transfer this case from the Tacoma division to the Seattle division of the United States District Court for the Western District of Washington. (Dkt. No. 13.) For the reasons set forth below, Plaintiff's motion is DENIED without prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding pro se, filed a complaint in this Court on December 27, 2024, alleging various causes of action apparently stemming from a criminal proceeding in Clallam County. (Dkt. No. 1.) On January 23, 2025, Plaintiff filed the instant motion, asking the Court

1  to transfer this case from the Tacoma division to the Seattle division. (Dkt. No. 13.) Plaintiff
2  does not have a computer at home and files documents related to this case in person at the
3  Tacoma federal courthouse. (*Id.* at 1.) Plaintiff contends that it takes him a "whole day" to
4  travel from his home in Sequim, Washington to the Tacoma courthouse and back. (*Id.*) Plaintiff
5  states he has multiple medical problems that make this trip difficult, and that it is easier for him
6  to travel from Sequim to Seattle using public transportation. (*Id.* at 2.) Plaintiff argues he is
7  better able to conduct legal research in Seattle, where he has access to the University of
8  Washington's law library and the Court's Seattle law library. (*Id.* at 1–2.)

## II.    LEGAL STANDARD

10  Pursuant to 28 U.S.C. § 1404(b), the district court may transfer a case from one division
11  to any other division in the same district "[u]pon motion, consent or stipulation of all parties."
12  When considering a motion to transfer within a federal district under § 1404(b), courts analyze
13  the same factors as for a transfer between districts under § 1404(a). *USI Ins. Servs., LLC v.*
14  *Aitkin*, Case No. 2:21-CV-00267-HZ, 2022 WL 3974535, at *1–2 (D. Or. Sept. 1, 2022). 28
15  U.S.C. § 1404(a) authorizes courts to transfer an action "[f]or the convenience of the parties and
16  witnesses, in the interest of justice . . . to any other district or division where it might have been
17  brought[.]"
18  Under § 1404(a), the district court has discretion to adjudicate motions for transfer
19  according to an "individualized, case-by-case consideration of convenience and fairness." *Jones*
20  *v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000), *quoting Stewart Org. v. Ricoh*
21  *Corp.*, 487 U.S. 22, 29 (1988). However, the defendant "must make a strong showing of
22  inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v.*

ORDER DENYING MOTION TO CHANGE VENUE (DKT. NO. 13) - 2

*Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  In evaluating a motion for transfer, the Court may consider several factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–499.  "The court has the broad discretion to address some of these or other factors based on the particular facts of each case." *Green Aire for Air Conditioning W.L.L. v. Salem*, Case No. 1:18-cv-00873-NONE-SKO, 2020 WL 4734909, at *3 (E.D. Cal. Aug. 14, 2020) (citation omitted).  'No single factor is dispositive and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis.' " *Id.* (quoting *Burgess v. HP, Inc.*, Case No. 16-CV-04784-LHK, 2017 WL 467845, at *5 (N.D. Cal. Feb. 3, 2017)).

### III.    DISCUSSION

Here, the Court finds Plaintiff's motion is premature.  The Court has, at this stage, insufficient information about this case to evaluate whether transferring this case to the Seattle division would be convenient for the parties and witnesses or in the interest of justice.  In particular, Plaintiff has not filed proof of service of the summons and complaint on the Defendants, and no response to this motion has been filed.  Plaintiff also plans to file an amended complaint (which is to be filed no later than February 21, 2025).  Accordingly, Plaintiff's motion to transfer venue (Dkt. No. 13) is DENIED without prejudice.

1   Dated this 19th day of February, 2025.

2

3

4   David G. Estudillo
    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION TO CHANGE VENUE (DKT. NO. 13) - 4